UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-23741-CIV-ALTONAGA/Reid

**MARY DOE, AS PARENT
GUARDIAN OF JANE DOE**,

    Plaintiff,
v.

**CAMPBELL DRIVE K-8 CENTER**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendants, Campbell Drive K-8 Center ("Campbell K-8") and the School Board of Miami-Dade County's ("School Board['s]") Motion to Dismiss Plaintiff's Complaint and Motion to Strike [ECF No. 20], filed on November 1, 2024. Plaintiff, Mary Doe, as Parent Guardian of Jane Doe, filed a Response [ECF No. 22], to which Defendants filed a Reply [ECF No. 29]. The Court has carefully considered the record, the parties' written submissions, and applicable law. For the following reasons, the Motion is granted in part and denied in part.

### I. BACKGROUND

This case arises from a series of alleged sexual assaults that occurred at Campbell K-8, a public school maintained and operated by the School Board. (*See* Am. Compl. [ECF No. 5] ¶¶ 3–5, 16). Plaintiff alleges that Joseph Tolliver, a physical education teacher at Campbell K-8, sexually harassed, assaulted, and raped minor student Jane Doe while on school property. (*See id.* ¶¶ 9–11, 16). The abuse allegedly began in January 2023, when Jane Doe was in 7th grade, and continued through the calendar year, into Jane Doe's 8th grade school year. (*See id.* ¶ 16).

According to Plaintiff, Tolliver — then in his late thirties — preyed on Jane Doe in the school detention classroom, where only Jane Doe and Tolliver were present, with no supervision or security (*see id.* ¶¶ 11–12); and Tolliver raped Jane Doe in "empty offices, [the] campus parking lot, and janitor closets[,]" (*id.* ¶ 17 (alterations added)). Tolliver led Jane Doe to odd, secluded locations throughout the school, walking with her in view of security cameras and with the awareness of security personnel and campus staff. (*See id.* ¶¶ 18–19). Jane Doe reported these rapes and sexual assaults to Defendants. (*See id.* ¶ 21).

Plaintiff also details a string of sexual assaults at Campbell K-8 predating Tolliver's harassment and assault of Jane Doe, including multiple instances where Tolliver was named as the assailant. (*See id.* ¶¶ 10, 13, 19–20). For example, between 2012 and 2020, Campbell K-8 Environmental Safety Incident Reports document 12 instances of sexual harassment involving unidentified victims and aggressors.[1] (*See id.* ¶ 13). More recently, between 2021 and 2023, at least three female middle school students accused Tolliver of sexual assault; alleging "inappropriate sexual comments," "inappropriate physical contact[,]" "sexual intercourse," and the showing or sending of "sexually explicit photographs." (*Id.* ¶ 10 (alteration added)). The victims reported each of these incidents to Defendants, including to the principals of the school. (*See id.* ¶ 21).

Despite these reports of sexual assaults, Defendants not only retained Tolliver as an employee without notifying students or parents, but also continued to grant him unsupervised access to students. (*See id.* ¶¶ 11–12, 15–20). Defendants maintained "relaxed policies and procedures" and "inadequately trained and prepared their staff" regarding how to respond to reported incidents of sexual assaults. (*Id.* ¶ 14).

---

[1] The Amended Complaint does not provide additional details of these reported instances of sexual harassment, including whether they involved minor students. (*See* Am. Compl. ¶ 13).

2

CASE NO. 24-23741-CIV-ALTONAGA/Reid

On September 30, 2024, Plaintiff initiated this action against Defendants. (*See generally* Compl. [ECF No. 1]). She brings three claims: (1) a Title IX claim of deliberate indifference to sexual harassment (*see* Am. Compl. ¶¶ 23–34); (2) a 42 U.S.C. section 1983 claim of failure to train employees, leading to the violation of Jane Doe's right to equal protection of the law (*see id.* ¶¶ 40–48); and (3) a state-law negligence claim (*see id.* ¶¶ 35–39). Plaintiff seeks compensatory damages, attorney's fees and costs, and "other relief allowed under the law[.]" (*Id.* ¶¶ 34, 39, 48). In response, Defendants filed the present Motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asking the Court to dismiss Campbell K-8 as a named party and Plaintiff's Amended Complaint in its entirety. (*See generally* Mot.).

## II. LEGAL STANDARDS

***Fed. R. Civ. P. 12(b)(1)***. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is presumed that a federal court lacks jurisdiction in a case until the party asserting a claim demonstrates the court has jurisdiction over the subject matter. *See id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"Facial attacks" to a complaint, such as the one raised here to the Title IX claim, "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [her] complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (alteration added; alterations adopted; quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion — the court must consider the allegations of the complaint to be true." *Id.* (citation omitted).

3

***Fed. R. Civ. P. 12(b)(6)***. A motion to dismiss for failure to state a claim serves to test the sufficiency of the complaint; it does not decide the merits of the case. *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading withstands a motion to dismiss if it alleges "factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id.* (alterations added; citing *Twombly*, 550 U.S. at 556).

This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant[s]-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555 (alteration added; citation omitted)). "In other words, a plaintiff must provide the grounds for his entitlement to relief but needn't include detailed factual allegations." *Soho Ocean Resort TRS, LLC v. Rutois*, No. 21-cv-11392, 2023 WL 242350, at *2 (11th Cir. Jan. 18, 2023) (citing *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take its factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted).

### III. DISCUSSION

Defendants ask the Court to dismiss Campbell K-8 as an improper party and to dismiss all claims of the Amended Complaint. (*See generally* Mot.; Reply). Specifically, Defendants argue: (1) the Title IX claim should be dismissed for lack of subject matter jurisdiction and for failure to

state a claim for relief (*see* Mot. 6–13);[2] (2) the section 1983 claim should be dismissed for failure to state a claim (*see* Mot. 13–15); and (3) the remaining state-law negligence claim should be dismissed for failure to state a claim and failure to sufficiently plead satisfaction of the pre-suit requirements of section 768.28(6), Florida Statutes (*see* Mot. 15–16). The Court addresses each argument in turn.

***Campbell K-8***. Defendants first argue Campbell K-8 should be dismissed as a party because the School Board is the proper defendant under Florida law. (*See* Mot. 6). Plaintiff asserts that Campbell K-8 should remain a defendant because "specific failures" at the school level "contributed to the alleged harm," and "the policy rationale underlying Title IX and Section 1983" encourages school accountability. (Resp. 4). Defendants have the better argument.

Both the School Board and Campbell K-8, as parts of the public school system in the state of Florida, are entities established by the Florida Constitution. *See* Art. IX, § 4(a), Fla. Const. Florida law provides that "[t]he governing body of each school district shall be a district school board[,]" and "[e]ach district school board is constituted a body corporate[.]" Fla. Stat. § 1001.40 (alterations added). District school boards are empowered to "operate, control, and supervise *all free public schools* in their respective districts[.]" *Id.* § 1001.32(2) (emphasis and alteration added). Further, Florida law provides that plaintiffs should bring lawsuits against the school board, not the school itself. *See id.* § 1001.41(4). The school board is the proper entity to "[c]ontract, sue, *and be sued*" as the "contracting agent for the district school system." *Id.* (alteration and emphasis added).

The School Board is also, logically, the proper defendant because Plaintiff brings claims stemming from school policies (*see generally* Am. Compl.), and Florida grants school boards

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

"final policymaking authority" for the school district, *Whittaker v. St. Lucie Cnty. Sch. Bd.*, No. 10-14172-Civ, 2011 WL 3424564, at *5 (S.D. Fla. Aug. 5, 2011) (quoting *K.M. v. Sch. Bd. of Lee Cnty. Fla.*, 150 F. App'x 953, 957 (11th Cir. 2005) (citations omitted)). In sum, the School Board, rather than Campbell K-8, is the proper entity to answer Plaintiff's claims. *Cf. Lee v. Pierre*, No. 19-cv-81631, 2020 WL 13847521, at *3–4 (S.D. Fla. Jan. 28, 2020) (holding that under Florida law a school board is not legally distinct from the school district).

***Title IX Claim***. The School Board's[3] challenge to Plaintiff's Title IX claim is two pronged: it argues Plaintiff both inadequately alleges subject matter jurisdiction under Rule 12(b)(1) (*see* Mot. 12) and fails to state a claim for relief under Rule 12(b)(6) (*see id.* 6–12).

Rule 12(b)(1). The School Board asserts that the Court does not have jurisdiction to hear the Title IX claim following the Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022). (*See* Mot. 12–13). Plaintiff requests damages related to her Title IX claim for "past and future pain and suffering, mental anguish, and past and future medical and therapeutic care." (*Id.* 12 (quoting Am. Compl. ¶ 34)). Following the holding in *Cummings*, which effectively bars compensatory damages for emotional distress in Spending Clause statutes like Title IX, *see* 596 U.S. at 218, 222, the School Board argues that Plaintiff's emotional damages request leaves her without standing for the Court to adjudicate her case (*see* Mot. 12).

The Eleventh Circuit has held — even in the wake of *Cummings* — that "[r]equesting an improper remedy is not fatal to a claim. A complaint is sufficient if it alleges facts that establish that the plaintiff is entitled to *any* relief that the court can grant." *A.W. v. Coweta Cnty. Sch. Dist.*, 110 F.4th 1309, 1315 (11th Cir. 2024) (emphasis and alteration added; citation omitted). The

---

[3] Because Campbell K-8 is dismissed, the Court references "Defendant" in the singular for the remainder of this Order, although both Campbell K-8 and the School Board raise the remaining issues.

Supreme Court has previously recognized the availability of damages for Title IX claims resulting from intentional teacher-on-student sexual harassment, which *Cummings* did not disturb. *See Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60, 76 (1992). Moreover, in addition to the damages Defendant identifies in its Motion, Plaintiff requests "attorneys' fees and costs" and "other relief allowed under the law" as Title IX damages. (Am. Compl. ¶ 34). Thus, this argument is unavailing.

<u>Rule 12(b)(6)</u>. Next, Defendant argues Plaintiff fails to sufficiently state a Title IX claim. (*See* Mot. 6–12). Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681(a) (alterations added). To state a claim for teacher-on-student sexual harassment under Title IX, a plaintiff must allege that: (1) "a school official with authority to address the alleged discrimination and to institute corrective measures" (2) had "actual knowledge" of the discrimination and (3) was "deliberately indifferent" to the discrimination.[4] *Doe v. Sch. Bd. of Palm Beach Cnty.*, 15-cv-80175, 2015 WL 4698462, at *3 (S.D. Fla. June 2, 2015) (citations omitted).

The School Board argues Plaintiff fails to sufficiently allege all three elements. First, Defendant asserts the Amended Complaint fails to allege that the "appropriate person" had notice

---

[4] Curiously, Defendant *and* Plaintiff address a fourth element they seem to agree Plaintiff is required to plead to sufficiently state a Title IX claim: that the discrimination was "so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." (Mot. 7 (quoting *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1293 (11th Cir. 2007); additional citation omitted); *see also* Resp. 7–8 (citation omitted)). This element is not required to allege teacher-on-student sexual harassment under Title IX; rather, it applies exclusively to student-on-student sexual harassment claims, which the instant claim is not. *See Davis v. Monroe Cnty Bd. of Educ.*, 526 U.S. 629, 650–53 (1999) (indicating the application of a more rigorous standard for student-on-student Title IX claims); *see also Sauls v. Pierce Cnty. Sch. Dist.*, 399 F.3d 1279, 1284 (11th Cir. 2005) (explaining the Supreme Court's heightened standard, requiring severity of harm, only applies to student-on-student sexual harassment claims under Title IX).

7

of the sexual harassment. (Mot. 7). Plaintiff points to her allegations showing the School Board "had actual knowledge of prior and repeated instances of [Tolliver's] inappropriate conduct," as well as "knowledge of specific risks posed by leaving him unsupervised with students." (Resp. 5 (alteration added)). The Amended Complaint details at least three separate incidents of sexual assaults, harassment, and rapes by Tolliver between 2021 and 2023. (*See* Am. Compl. ¶ 10; *see also* Resp. 5). Plaintiff further alleges the victims reported *every* incident to Defendant. (*See* Am. Compl. ¶ 21).

As a result of these reports, "every principal . . . was put on notice of the [past] allegations." (*Id.* (alteration added)). As Defendant concedes, principals are generally considered proper actors to receive notice in Title IX suits, since they likely hold authority to issue corrective measures. (*See* Mot. 7); *see also Sch. Bd. of Palm Beach Cnty.*, 2015 WL 4698462, at * 6 (finding a principal to be an appropriate actor for purposes of Title IX notice). Read in the light most favorable to Plaintiff, and taking her allegations as true, then, responsible actors at Campbell K-8 had actual knowledge of the rapes and sexual assaults committed by Tolliver prior to the victimization of Jane Doe. (*See id.*); s*ee also Brooks*, 116 F.3d at 1369 (holding that courts must construe the complaint in the light most favorable to the plaintiff and take its factual allegations as true).

To avoid this conclusion, the School Board simultaneously acknowledges, yet tries to negate, Plaintiff's allegations that the victims reported all incidents of rapes and sexual assaults to Defendant. (*See* Am. Compl. ¶ 21; *see also* Mot. 4). Defendant dismissively characterizes Plaintiff's allegation as a "catch-all phrase that everything alleged was reported by the victims to Campbell and the School Board[.]" (Mot. 4 (alteration added)).[5] Defendant appears to believe

---

[5] Defendant states that Plaintiff may not merely list "weird and inappropriate" conduct reported to a decisionmaker to sufficiently allege notice. (Mot. 9). Certainly, Plaintiff pleads more than simply "weird and inappropriate" conduct; she alleges that school principals knew of the rapes and sexual assaults of multiple minor victims by a school authority figure.

Rule 12(b)(6) requires more information from Plaintiff, noting the Amended Complaint lacks "actual incidents, dates, accusers[,]" and the names of the people who received such reports. (*Id.* (alteration added))

But "detailed factual allegations are not required" to state a plausible claim under Rule 12(b)(6). (Mot. 5 (quotation marks omitted; citing *Twombly*, 550 U.S. at 555)). Plaintiff alleges that Tolliver's victims reported the incidents that occurred between 2021 and 2023, and therefore put the principals of the school at the time of the rapes and sexual assaults on notice. (*See* Am. Compl. ¶¶ 10, 21). Further, to the extent Defendant requires additional information regarding the reports, "[a]llegations made 'upon information and belief' at this early stage are permissible because the facts alleged are peculiarly within the possession and control of the defendant[.]" *Joe Hand Promotions, Inc. v. Goldshtein*, No. 18-60522-Civ, 2018 WL 7080029, at *3 (S.D. Fla. June 18, 2018) (alterations added; quotations omitted; quoting *Estate of Faull v. McAfee*, No. 13-cv-1746, 2017 WL 117312, at *2 (M.D. Fla. Jan. 12, 2017) (citation omitted)); (*see also* Am. Compl. ¶¶ 21, 30 (pleading the reports to principals on information and belief)). Here, Defendant is in the best position to know the reports' contents. Plaintiff's statement regarding the reports to appropriate actors is sufficient at the motion-to-dismiss stage.

And while Defendant repeatedly argues the Amended Complaint lacks allegations that Defendant knew of Tolliver's behavior *toward Jane Doe* (*see* Mot. 7–9), the Eleventh Circuit does not "require notice of the prior harassment of the Title IX plaintiff *herself*[,]" *Doe v. Sch. Bd. of Broward Cnty.*, 604 F.3d 1248, 1257 (11th Cir. 2010) (alteration added; emphasis in original citations omitted). Naturally, the undersigned declines to do so. *See In re Rodriguez*, No. 9-20863-Civ, 2015 WL 9697324, at *9 (S.D. Fla. Dec. 9, 2015) (stating the Court "is bound by Eleventh

9

Circuit precedent"). As such, Plaintiff's allegations concerning the first two elements of her Title IX claim are sufficient.

Defendant next argues that Plaintiff fails to allege facts that speak to its supposed deliberate indifference. (*See* Mot. 10). Yet, the Eleventh Circuit has stated, regarding deliberate indifference in a Title IX suit, "where a school district has knowledge that its remedial action is inadequate and ineffective, it is required to take reasonable action in light of those circumstances to eliminate the behavior[.]" *Sch. Bd. of Broward Cnty.*, 604 F.3d at 1261 (alteration added, quotation marks and citation omitted). Plaintiff alleges a string of egregious missteps on the part of the School Board. Multiple victims alerted principals at Campbell K-8 to previous instances of Tolliver's sexual assaults and rapes of young female students. (*See* Am. Compl. ¶¶ 10, 21). In response, Defendant continued to allow Tolliver unsupervised access to students, failed to warn parents and students of Tolliver's actions, and allowed him to continue his employment at Campbell K-8. (*See id.* ¶¶ 17, 19–20). Plaintiff sufficiently alleges deliberate indifference.

***Section 1983 Claim***. "[T]o adequately state a claim for municipal liability under [section] 1983, a plaintiff must plead (1) that [her] constitutional rights were violated; (2) the municipality had a 'custom or policy that constituted deliberate indifference to that constitutional right,' and (3) that policy or custom caused the violation." *Wade v. City of Miami Beach*, 565 F. Supp. 3d 1248, 1251 (S.D. Fla. 2021) (alterations added; quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citation omitted)). "To meet the 'deliberate indifference' standard, a plaintiff must allege that 'the municipality knew of a need to train and/or supervise in a particular area and . . . made a deliberate choice'" not to act. *Id.* (alteration added; quoting *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)). Further, "[b]ecause a municipality rarely will have an officially [] adopted policy of permitting a particular constitutional violation, most plaintiffs must show that

the municipality has a custom or practice of permitting the violation and that the custom or practice is the 'moving force' behind the constitutional violation." *Doe v. School Bd. of Miami-Dade Cnty.*, 403 F. Supp. 3d 1241, 1264 (S.D. Fla. 2019) (alterations added; citation omitted).

Defendant first contends that Plaintiff fails to allege "deliberate indifference" to a constitutional violation, because she does not allege Defendant's notice of any wrongdoing. (*See* Mot. 14). As discussed, the Amended Complaint sufficiently pleads the school principals' awareness of prior sexual assaults against students. (*See, e.g.*, Am. Compl. ¶ 21). The Court, therefore, turns to Defendant's remaining argument for dismissal of the section 1983 claim — that Plaintiff fails to allege how Defendant's lack of training led to the sexual assault of Jane Doe or deprivation of her rights. (*See* Mot. 14).

Plaintiff alleges Defendant violated Jane Doe's right to equal protection of the law[6] by failing to train employees to report and address sexual harassment, as demanded by Title IX. (*See* Am. Compl. ¶¶ 41, 45–46). Plaintiff alleges principals knew of a string of accusations of Tolliver's sexual assaults. (*See id.* ¶¶ 10, 21). Members of security personnel and campus staff also allegedly knew of "Tolliver's repeated predation and alone time with Jane Doe," particularly during "abnormal hours" and in "odd places" across campus. (*Id.* ¶¶ 17–19). In addition, Plaintiff details a general history of sexual harassment allegations over the past ten years at Campbell K-8. (*See id.* ¶ 13). Despite these repeated incidences indicating the need for training, Defendant failed to

---

[6] The Court notes Plaintiff does not identify the specific constitutional right violated by Defendant's actions in the *body* of her Amended Complaint. *See Young v. Miami-Dade Cnty.*, No. 16-23852-Civ, 2020 WL 2110012, at *5 (S.D. Fla. Apr. 21, 2020) (finding that to state a section 1983 municipal liability claim, a plaintiff "must identify the *specific constitutional right* violated and identify the custom or policy that constituted deliberate indifference *to that constitutional right*" (emphasis in original)). Plaintiff only references an Equal Protection violation in the title of the heading of the section 1983 claim. (*See id.*; *see also* Am. Compl. 8). Defendant is apparently on notice of the claim, however, given it does not raise the issue. (*See generally* Mot.; Reply).

provide adequate training on "recognizing, preventing[,] and addressing sexual harassment promptly and equitably[—]" among other deficiencies. (*Id.* ¶ 45(a) (alterations added)).

Plaintiff's claims are not mere generalized allegations.[7] The Amended Complaint alleges knowledge by Defendant of many serious incidents involving multiple victims prior to Jane Doe's victimization. (*See* Am. Compl. ¶¶ 10, 13, 21). Plaintiff alleges Defendant failed to take *any* action, despite receiving notice. (*See id.* ¶¶ 30–33). Additionally, she tethers her allegations of inadequate training to the school's responsibilities as a public institution under Title IX, referencing the need for school officials to know the "identity of the School District's Title IX coordinator" and the school's "legal obligations pursuant to Title IX[.]"[8] (*Id.* ¶¶ 42(a), 46 (alteration added)). Plaintiff sufficiently pleads the first two elements of a section 1983 claim.

Finally, Plaintiff sufficiently alleges the third element of a section 1983 claim: that a policy or custom *caused* the violation. Plaintiff notes Defendant's "relaxed policies and procedures" and "inadequate[] train[ing]" "created the perfect nexus that allowed the sexual battery, harassment[,] and rape of []Jane Doe." (Am. Compl. ¶ 14 (alterations added)). Alleging a school board's failure to adequately train its employees to combat a string of known abuses, followed by abuse of the same nature, is enough to allege the board's actions were the moving force behind the continued abuse for purposes of a section 1983 claim. *See, e.g.*, *N.R. by Ragan v. Sch. Bd. of Okaloosa Cnty.*,

---

[7] Defendant attempts to equate this case to *Watts v. City of Hollywood*, 146 F. Supp. 3d 1254 (S.D. Fla. 2015), stating that the Court there dismissed a section 1983 claim for making mere "generalized allegations" regarding a lack of adequate training. (Mot. 14). The Court's reasoning for dismissing the section 1983 claim in *Watts* is more nuanced. First, in *Watts*, the plaintiff failed to state *any* details regarding the alleged existence of a *particular* deficient policy. *See Watts*, 146 F. Supp. 3d at 1272. Plaintiff makes no such allegations in the present case, instead implying the lack of training *amounted to* a policy. Further, the section 1983 dismissal in *Watts* hinged not only on generalized accusations regarding "negligent training," but also on the plaintiff's failure to allege prior notice of wrongdoing and the absence of allegations that the city made a choice not to act following notice, among other reasons. *See Watts*, 146 F. Supp. 3d at 1272–73.

[8] The Court notes this final fact not because the allegation is necessary for Plaintiff to sufficiently state a claim to avoid dismissal, but rather, as a markedly distinguishing factor from the plaintiff in *Watts*. *See id.*

418 F. Supp. 3d 957, 992–93 (N.D. Fla. 2019); *Doe v. Faerber*, 446 F. Supp. 2d 1311, 1316–17 (M.D. Fla. Aug. 14, 2006); *J.L., ex. rel. K.L. v. Benton*, No. 20-cv-01309, 2021 WL 3171907, at *2–4 (N.D. Ala. July 27, 2021).

Plaintiff has alleged that Defendant "knew of a need to train and/or supervise in a particular area and the [School Board] made a deliberate choice not to take any action[,]" serving as the moving force behind the violation. *D.P. v. Sch. Bd. of Palm Beach Cnty.*, 658 F. Supp. 3d 1187, 1227 (S.D. Fla. 2023) (alterations added; quoting *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1293 (11th Cir. 2009)). While municipal liability under section 1983 is undoubtedly difficult to establish, *see Watts*, 146 F. Supp. 3d. at 1273, the standard at the motion-to-dismiss stage is not so high as to effectively preclude claims where plaintiffs allege a pattern of constitutional violations spurred by a public entity's failure to properly train its employees.

***Negligence Claim***. Under Florida law, to state a negligence claim, a plaintiff must allege the existence of a duty, breach of that duty, causation, and damages. *See Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003). Plaintiff brings a state-law negligence claim against Defendant, claiming it had "a duty to protect the safety of minors who attended" Campbell K-8; as well as "a duty to reasonably supervise, investigate, hire, and retain its teachers, and a duty to not subject its students to unqualified, unfit, and dangerous teachers." (Am. Compl. ¶ 36). She claims Defendant breached this duty, causing Jane Doe's sexual assaults, harassment, and rapes. (*See id.* ¶¶ 37–38).

Defendant does not contest that it owed duties, generally, to Jane Doe as a student of Campbell K-8. (*See generally* Mot.; Reply). Instead, Defendant argues that Plaintiff fails to allege a breach of any duty, because Plaintiff does not sufficiently plead Defendant's knowledge of the original harmful conduct. (*See* Mot. 15–16). Defendant contends it could not act rationally in

13

response to an *unknown* harm. (*See id.*). Again, Defendant's argument that Plaintiff fails to plead Defendant's knowledge of Tolliver's conduct is unconvincing. Plaintiff alleges multiple victims alerted principals of Campbell K-8 to Tolliver's behavior, yet the school continued to allow Tolliver unsupervised access to young girls, did not warn parents or students of these allegations, and kept Tolliver employed at the school. (*See* Am. Compl. ¶¶ 20–21). Since the victims informed the principals, directly, of the previous accusations of rapes and sexual assaults, Plaintiff sufficiently alleges Defendant had notice.

Defendant's next argument for dismissal of the state-law negligence claim is similarly deficient. Defendant asserts Plaintiff fails to sufficiently plead she has satisfied the pre-suit requirements of section 768.28(6)(a), Florida Statutes. (*See* Mot. 16). Plaintiff maintains that her general allegation that "[a]ll conditions precedent to bringing this action have been satisfied or waived" is sufficient to withstand dismissal. (Am. Comp. ¶ 8 (alteration added); Resp. 13). The Court agrees.

Defendant is correct that the statute requires strict compliance; plaintiffs must provide notice to the state agency of the action. *See Aitcheson v. Fla. Dep't of Highway Safety & Motor Vehicles*, 117 So. 3d 854, 856 (Fla. 4th DCA 2013). Nevertheless, a general statement in a complaint that a plaintiff "performed all conditions precedent prior to bringing" the action is sufficient to avoid dismissal. *Savales v. Waters*, No. 19-cv-523, 2020 WL 1138259, at *6 n.2 (M.D. Fla. Mar. 9, 2020) (quotation marks and citation omitted).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint and Motion to Strike **[ECF No. 20]** is **GRANTED** in part and **DENIED** in part. Campbell Drive K-8 Center is dismissed from the action.

**DONE AND ORDERED** in Miami, Florida, this 19th day of December, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record