**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 24-23741-CIV-ALTONAGA/Reid**

MARY DOE AS PARENT GUARDIAN
OF JANE DOE,

    *Plaintiff(s)*,

v

THE SCHOOL BOARD OF
MIAMI-DADE COUNTY,
FLORIDA

    *Defendant*.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, The School Board of Miami Dade County, Florida ("School Board") by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint (DE 5), and states as follows:

**PARTIES, JURISCDICTION, AND VENUE**

1. Defendant admits the allegations in Paragraph 1 to the extent that Plaintiff has alleged a cause of action accruing within the Southern District of Florida. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1, and therefore denies the same.

2. Defendant admits that Jane Doe was a minor at the time of the alleged incidents and was enrolled as a student at Campbell Drive K-8 Center.

3. Defendant admits the allegation in Paragraph 3.

4. Defendant admits the allegation in Paragraph 4.

5. Defendant admits the allegation in Paragraph 5.

6. Defendant admits the allegation in Paragraph 6 only to the extent that Plaintiff has alleged a cause of action within the federal question and supplemental jurisdiction of the Court. However, all remaining allegations are denied.

7. Defendant admits the allegation in Paragraph 7 only to the extent that Plaintiff has alleged a cause of action accruing within the Southern District of Florida. However all remaining allegations are denied.

8. Defendant denies the allegation in Paragraph 8.

## FACTUAL ALLEGATIONS

9. Defendant denies the allegations in Paragraph 9 and is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same. Defendant demands strict proof of the allegations in Paragraph 9.

10. Defendant admits that Tolliver was a teacher at Campbell K-8. Defendant denies the remaining allegations in Paragraph 10, is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same. Defendant demands strict proof of the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11, and demands strict proof thereof.

12. Defendant denies the allegations in Paragraph 12, and demands strict proof thereof.

13. Defendant denies the allegations in Paragraph 13, including subparagraphs (a) through (d) and demands strict proof thereof.

14. Defendant denies the allegations in Paragraph 14 and is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same. Defendant demands strict proof of the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15 and is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same. Defendant demands strict proof of the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16 and is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same. Defendant demands strict proof of the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17 and is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same. Defendant demands strict proof of the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18 and is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same. Defendant demands strict proof of the allegations in Paragraph 18. Plaintiff fails to identify any individual with knowledge.

19. Defendant denies the allegations in Paragraph 19 and is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same. Defendant demands strict proof of the allegations in Paragraph 19. Plaintiff fails to identify any individual with knowledge.

20. Defendant denies the allegations in Paragraph 20 and is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same. Defendant demands strict proof of the allegations in Paragraph 20. Plaintiff fails to identify any individual with knowledge.

21. Defendant denies the allegations in Paragraph 21 and is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same. Defendant demands strict proof of the allegations in Paragraph 21. Plaintiff fails to identify any individual with knowledge.

22. Defendant denies the allegations in Paragraph 22 and is without sufficient knowledge or information regarding Plaintiff's injuries, and therefore denies the same. Defendant demands strict proof of the allegations in Paragraph 22.

**COUNT I VIOLATION OF TITLE IX AS TO DEFENDANT MIAMI-DADE COUNTY SCHOOL BOARD and CAMPBELL DRIVE K-8 (20 U.S.C. §1681, *et seq.*) (Deliberate Indifference to Sexual Harassment)**

23. The School Board adopts and reasserts its responses to Paragraphs one through twenty-two, as if fully set forth herein.

24. Defendant admits Paragraph 24.

25. Defendant denies Paragraph 25 as phrased.

26. Defendant denies Paragraph 26 as phrased.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant admits Paragraph 28.

29. Defendant admits Paragraph 29.

30. Defendant denies the allegations in Paragraph 30. Defendant demands strict proof of the allegations in Paragraph 30. Plaintiff fails to identify any individual with knowledge.

31. Defendant denies the allegations in Paragraph 31. Defendant demands strict proof of the allegations in Paragraph 31. Defendant denies the allegations in Paragraph 31 as phrased. Upon information and belief, the Principal of Campbell Drive K-8 Center learned of the allegations against Tolliver from the television news report of his arrest in February of 2023.

32. Defendant denies the allegations in Paragraph 32. Upon information and belief, Mr. Tolliver's employment with the School Board ended after his arrest in February of 2023.

33. Defendant denies the allegations in Paragraph 33. Upon information and belief, Mr. Tolliver's employment with the School Board ended after his arrest in February of 2023.

34. Defendant denies the allegations in Paragraph 34 and is without sufficient knowledge or information regarding Plaintiff's damages or injuries, and therefore denies the same. Defendant demands strict proof of the allegations in Paragraph 34.

Defendant denies all claims of relief by Plaintiff in the Wherefore clause, and denies that Plaintiff is entitled to a jury trial on any of her claims.

## COUNT II NEGLIGENCE

35. The School Board adopts and reasserts its responses to Paragraphs one through thirty-four, as if fully set forth herein.

36. Defendant denies the allegations in Paragraph 36 as phrased.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39 and is without sufficient knowledge or information regarding Plaintiff's damages or injuries, and therefore denies the same. Defendant demands strict proof of the allegations in Paragraph 39.

Defendant denies all claims of relief by Plaintiff in the Wherefore clause, and denies that Plaintiff is entitled to a jury trial on any of her claims.

## COUNT III SECTION 1983 LIABILITY AGAINST THE SCHOOL BOARD Violation of the Rights to Equal Protection, Brought Under 42 U.S.C. §1983 (Failure to Train)

40. The School Board adopts and reasserts its responses to Paragraphs one through thirty-nine, as if fully set forth herein.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42, including subparagraphs (a) through (f) and demands strict proof thereof.

43. Defendant denies the allegations in Paragraph 43. Plaintiff fails to allege any constitutional right that was violated.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45, including subparagraphs (a) through (k) and demands strict proof thereof. Plaintiff fails to allege any constitutional right that was violated.

46. Defendant denies the allegations in Paragraph 46 as phrased. Plaintiff fails to allege any constitutional right that was violated.

47. Defendant denies the allegation in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48 and is without sufficient knowledge or information regarding Plaintiff's damages or injuries, and therefore denies the same. Defendant demands strict proof of the allegations in Paragraph 48. Plaintiff fails to allege any constitutional right that was violated.

Defendant denies all claims of relief by Plaintiff in the Wherefore clause, and denies that Plaintiff is entitled to a jury trial on any of her claims.

## DAMAND FOR JURY TRIAL

Defendant denies that Plaintiff is entitled to a jury trial on any of her claims.

Anything not specifically admitted by the School Board herein shall be deemed to be expressly denied.

WHEREFORE, The School Board prays for judgment in its favor, and any further relief deemed just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant adopts by reference Defendant's Motion to Dismiss (DE 20) and Defendant's Response in Support of Defendant's Motion to Dismiss (DE 29) pursuant to Federal Rule of Civil Procedure 10(c).

2. The School Board is a political subdivision of the state of Florida, and as such, to the extent that Plaintiff seeks to recover through s. 768.28, Florida Statutes, such recovery is limited to the statutory caps and exclusions delineated therein.

3. The School Board is a political subdivision of the state of Florida, and as such, to the extent that Plaintiff seeks to recover through s. 768.28, Florida Statutes, The School Board states it has not waived its sovereign immunity to suit for any covered actions, except to the extent expressly provided therein.

4. The School Board is immune under section 768.28 to any conduct of its agents or employees which was done in willful and wanton disregard of human life, was performed in bad faith and outside the course and scope of the employee's position, and/or is self-serving in nature.

5. The School Board states that any recovery by Plaintiff is reduced or barred by any settlement, judgment or payment of any kind, relating to the incident described in Plaintiff's Complaint, paid by any individual or entity, including the state of Florida, its agencies or subdivisions.

6. The School Board states that Plaintiff has failed to set forth allegations or facts sufficient to sustain a claim under Title IX, as well as to impute any liability to the School Board for the alleged wrongful acts. The Plaintiff has failed to establish that The School Board had actual knowledge that the incidents in question constituted sexual assault, acted with deliberate indifference to sexual harassment or retaliated against Plaintiff in connection with the alleged incidents. Further, the School Board asserts that the Plaintiff was not excluded from participating in, denied the benefits of, or subjected to discrimination under any of Defendant's educational programs or activities on the basis of sex.

7. The School Board asserts that Plaintiff has failed to set forth allegations or facts sufficient to sustain a claim for negligence upon which relief can be granted against the School Board.

8. The School Board asserts that Plaintiff has failed to set forth allegations or facts sufficient to sustain a claim for negligent failure to train upon which relief can be granted against the School Board.

9. The School Board maintains that it has sovereign immunity for discretionary training functions.

10. The School Board states that any recovery by Plaintiff must be reduced or barred by Plaintiff's failure to mitigate her damages.

11. The School Board states that it has not engaged in any conduct that proximately caused or contributed to Plaintiff's alleged injuries and damages.

12. The School Board states that any injury, loss or damage allegedly suffered by the Plaintiff did not result from any policy, custom, or usage of the School Board.

13. The School Board states it was not negligent in the implementation or operation of trainings.

14. The School Board is not liable for the acts or omissions of any of its employees which were committed while acting outside the course and scope of their employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property of Plaintiff.

15. The School Board states that it took prompt remedial action upon learning of the alleged incidents, including conducting a reasonable investigation into the allegations, and in so doing did not act with deliberate indifference to Plaintiff as alleged.

16. The School Board states that it has no Title IX liability in part because Plaintiff has failed to allege any denial of access to an educational opportunity or benefit.

17. The School Board states that Plaintiff has failed to allege any damages cognizable under Title IX. *See*, *Cummings v. Premier Rehab Keller*, *P.L.L.C.*, 596 U.S. 212 (2022); *Doe v. Williamsport Area Sch. Dist.*, 699 F. Supp. 3d 306, 323 (M.D. Pa. 2023); *J.C. v. Bd. of Regents of Univ. Sys. of Georgia,* 1:20-CV-4445-JPB, 2023 WL 4938054, at *3-5 (N.D. Ga. Aug. 1, 2023) (with a detailed analysis of *Cummings*).

18. Plaintiff has failed to establish liability under 42 U.S.C. §1983. Plaintiff has failed to identify an official policy adopted by the School Board which resulted in a violation of any specifically alleged constitutional rights.

19. Plaintiff has failed to establish liability under 42 U.S.C. §1983. Plaintiff has failed

to identify any specific constitutional right that was violated and have failed to allege how any policy or custom constituted deliberate indifference to that specific constitutional right.

20. Plaintiff has failed to establish liability under 42 U.S.C. §1983 because the complaint fails to allege any action or inaction taken by the School Board, but rather alleges that the School Board is responsible under §1983 for Tolliver's actions.

21. Defendant's employees' response to Tolliver's actions did not equate to an unofficial custom or practice necessary to hold Defendant liable because these employees do not have final policymaking authority. Nor was any link alleged between the alleged custom or practice of the School Board an any constitutional deprivation.

22. The School Board asserts that prior to bringing this action, Plaintiff failed to comply with the conditions precedent set forth in Florida Statute, § 768.28(6). Strict compliance with the statute is required, and dismissal is required. *Fagan v. Jackson Cnty. Hosp. Dist.*, 379 So. 3d 1213, 1215 (Fla. 1st DCA 2024). Dismissal is warranted due to failure to timely comply with the 3-year limitation found in §768.28(6)(a). *See Windom v. Orange Cnty.,* 6:23-CV-761-JA-EJK, 2024 WL 361362, at *4–5 (M.D. Fla. Jan. 31, 2024)(failure to comply with the notice requirements of §768.28(6) within the three year window requires mandates dismissal with prejudice).

23. The School Board asserts that by failure to comply with §768.28, sovereign immunity has not been waived, which bars the Plaintiff's suit entirely. In Florida, a governmental entity's right to Sovereign Immunity is the rule, not the exception. *Pan-Am Tobacco v. Dept. of Corrections*, 471 So. 2d 4, 5 (Fla. 1984). As a governmental entity, the School Board's entitlement to Sovereign Immunity is absolute, absent a statutory or constitutional waiver. "[A]s the supreme court said in *Circuit Court of Twelfth Judicial Circuit v. Department of Natural Resources*, 339 So. 2d 1113 (Fla.1976), the state and its agencies have absolute sovereign immunity absent waiver by legislative enactment or constitutional amendment." *Jackson v. Palm Beach County,* 360 So. 2d 1 at 2 (4th DCA 1978).

24. In addition to the foregoing affirmative defenses, the School Board hereby reserves its right to raise additional affirmative defenses, or to file any additional applicable pleadings as discovery may reveal necessary or appropriate.

**Dated: December 20, 2024**

                Respectfully submitted,

                Walter J. Harvey, General Counsel
                The School Board of Miami-Dade County, Florida
                1450 N.E. 2nd Avenue, Suite 430
                Miami, Florida 33132

                By: */s/ Joshua Hubner*
                Joshua Hubner, Esq.
                Associate General Counsel
                Florida Bar No. 38110
                JHubner@dadeschools.net
                Telephone (305) 995-1304
                Facsimile (305) 995-1412
                **ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner.

By: */s/ Joshua Hubner*
     Joshua Hubner, Esq.

**SERVICE LIST**

Andy Loynaz, Esq.
Santino Ruiz, Esq.
Law Group of South Florida, LLC
Ocean Bank Building
782 NW LeJeune Road, Suite 450
Miami, FL 33126
Telephone: (305) 260-6147
Facsimile: (305) 675-9286
**ATTORNEYS FOR PLAINTIFF**

Joshua Hubner, Esq.
The School Board of Miami-Dade County, Florida
Office of The General Counsel
1450 N.E. 2nd Ave, Suite 430
Miami, FL 33132
Telephone: (305) 995-1304
Facsimile: (305) 995-1412
**ATTORNEY FOR DEFENDANT**